# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SUSAN RICE,<br><br>Defendant. | No. CR 16-3038-MWB-2<br><br>**OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3282(c)(2) BASED ON RETROACTIVE AMENDMENT 782 OF THE UNITED STATES SENTENCING GUIDELINES** |

_____

This case is before me on defendant Susan Rice's June 28, 2018, *pro se* Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) Based On A Retroactive Amendment 782 To The United States Sentencing Guidelines. In her Motion, Rice seeks a reduction in her sentence pursuant 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, the "All Drugs Minus Two" amendment, which calls for a two-level decrease in offense levels for guidelines sentences determined by drug quantity. The prosecution resisted Rice's Motion on July 5, 2018, on the ground that Rice was sentenced based on a statutory mandatory minimum sentence, rather than based on a guidelines sentence determined by drug quantity.

On December 9, 2016, Rice pleaded guilty to Count 1 of an indictment, which charged her with conspiracy to distribute 5 grams or more of a methamphetamine mixture that contained 5 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Her plea agreement anticipated dismissal of two other charges against her at the time of sentencing. On May 15, 2017, I sentenced

Rice to the mandatory minimum sentence of 60 months of incarceration on the conspiracy charge, pursuant to 21 U.S.C. § 841(b)(1)(B), and dismissed the other two charges against her. *See* Presentence Investigation Report, ¶ 70; Statement Of Reasons. Judgment entered accordingly on May 19, 2017.

There is a more fundamental problem than the prosecution has identified with granting Rice the relief she requests. That problem is that Amendment 782 went into effect in November 2014, prior to Rice's sentencing. The Presentence Investigation Report indicates that Rice's guidelines range was calculated pursuant to the 2016 Guidelines Manual, incorporating all guideline amendments. Thus, Rice already had the benefit of Amendment 782, to the extent it was applicable to the calculation of her guidelines sentencing range. To put it another way, Rice is not eligible for a reduction pursuant to § 3582(c)(2), because she was not sentenced "based on" guidelines that have since been lowered. *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018) (to be eligible for a reduction pursuant to § 3582(c)(2) and Amendment 782, defendants "had to show that their sentences were 'based on' the now-lowered drug Guidelines ranges"). Rather, the guidelines used to calculate Rice's guidelines sentencing range were *already* lowered pursuant to Amendment 782.

As the prosecution argues, however, even if Rice's original guidelines range had been calculated without the benefit of Amendment 782, she would still not be entitled to the relief she seeks, because she was not sentenced "based on" the Sentencing Guidelines, but "based on" a statutory mandatory minimum. *See id*. ("[The defendants'] sentences were not 'based on' the lowered Guidelines ranges because the District Court did not consider those ranges in imposing its ultimate sentences. On the contrary, the court scrapped the ranges in favor of the mandatory minimums, and never considered the ranges again; as the court explained, the ranges dropped out of the case."); *see also id*.

at 1790 (holding that, where a defendant's sentence was "based on" a mandatory minimum, the defendant is not eligible for a sentence reduction pursuant to § 3582(c)(2)).

THEREFORE, defendant Susan Rice's June 28, 2018, Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) Based On A Retroactive Amendment 782 To The United States Sentencing Guidelines (docket no. 64) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 31st day of August, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA